In the United States District Court
for the Western District of Pennsylvania

| | |
|---|---|
| Phillip Chludzinski, *On behalf of himself and those similarly situated*, Plaintiff, v. NWPA Pizza, Inc., *et al*, Defendants. | Civil Action No. 20-163E<br><br>Judge Cathy Bissoon |

Order Granting Unopposed Motion for Preliminary Approval of Class and Collective Action Settlement

The Court, having reviewed Plaintiff's Unopposed Motion for Preliminary Approval of Class and Collective Action Settlement, hereby ORDERS and ADJUDGES:

1. The Motion for Preliminary Approval of Class and Collective Action Settlement, including the Settlement Agreement attached thereto as Exhibit 1, is hereby GRANTED.

2. Under R. Civ. P. 23(b)(3), the following Proposed Class is certified for settlement purposes:

> All non-exempt hourly delivery driver employees of NWPA's six (6) Domino's stores who received mileage reimbursements during the period from June 26, 2017 to February 28, 2021, who do not exclude themselves.[1]

---

[1] The NWPA Locations are defined in the settlement agreement.

3. The Proposed Class is also certified, for settlement purposes, as a collective action under the Fair Labor Standards Act.

4. For the purposes of approving the proposed settlement, the Proposed Class meets the requirements for certification of a settlement class under Rules 23(a) and 23(b)(3) of the Rules of Civil Procedure.

5. For purposes of approving the proposed settlement, that the members of the Proposed Class are "similarly situated" for purposes of certification under 29 U.S.C. § 216.

6. The Court's conditional findings are limited solely to the claims brought on behalf of the Proposed Class. The Court's findings are for purposes of certifying the Rule 23 class and the FLSA collective action and will not have any claim or issue preclusion or estoppel effects in any other case or action against Defendants, or in this case, if the settlement is not finally approved.

7. The proposed settlement falls within the "range of reasonableness" and therefore grants preliminary approval of the settlement. Based on a review of the papers submitted by the parties, the Court finds that the settlement is the result of arms-length negotiations conducted after Class Counsel has adequately investigated the claims and became familiar with the strengths and weaknesses of those claims.

8. The Notice of Settlement procedure set forth in the Settlement Agreement for providing notice to the Class will provide the best notice practicable, satisfies the notice requirements of Rule 23(e), adequately advises the Proposed Class of their rights under the settlement, and therefore meets the requirements of due process and is approved.

The proposed plan for sending the Notice of Settlement by first class mail and email to the Proposed Class members' last known addresses is an appropriate method, reasonably designed to

reach all individuals who would be bound by the settlement, and the proposed Notice of Settlement and notice plan are the best practicable notice under the facts and circumstances of this case. Likewise, the proposed plan of allowing Plaintiff's counsel to take reasonable measures to update contact information is likewise appropriate.

9. The attorney's fees and costs requested are provisionally approved. The fees and costs will be approved after the final hearing occurs, taking into account any objections.

10. The proposed service award is approved, absent any objections at the Final Fairness Hearing.

11. The Parties are ordered to carry out the settlement according to its terms.

12. A Final Fairness Hearing will be held on **January 6, 2022, at 2:15 p.m.**, in Courtroom 3A of Joseph F. Weis, Jr. U.S. Courthouse, 700 Grant Street, Pittsburgh, PA 15219. Any objectors wishing to be heard through themselves or counsel must comply with the terms of the Class Notice to submit written objections and to appear at the Final Hearing to present such objections.

13. Any pleadings in support of the proposed settlement shall be filed by **December 23, 2021**. In the event that the settlement is not finally approved, or otherwise does not become effective, the Parties shall revert to their respective positions as of before entering into the settlement.

IT IS SO ORDERED, this ___21st___ day of ___July___, 2021.

                                            s\Cathy Bissoon
                                            Cathy Bissoon, United States District Judge